IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JARVEY JACOBS, JR.,
  Plaintiff,

vs.              Case No.: 3:11cv520/LAC/EMT

WALTER GIELOW, et al.,
  Defendants.
_____/

## REPORT AND RECOMMENDATION

  Plaintiff, a prisoner proceeding pro se, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (doc. 1). Leave to proceed in forma pauperis has been granted (doc. 6). Now before the court is Plaintiff's "Motion for Injunction for Protection Against Abuse and Physical Reprisals" (doc. 8), in which Plaintiff asks this court to order Defendants and their co-workers to:

> stop showing reprisals and threats of abuse and to stop harassing Plaintiff by destroying his cell and legal papers as a form of reprisals. Order the warden of this institution, the supervising authority of Defendants and their co-workers to stop his employees from doing this and causing the Plaintiff to live in fear.

(*id.* at 2). Plaintiff explains that he has made a similar request for injunctive relief in the Circuit Court for Santa Rosa County.

  In his complaint (doc. 1), which on this date by separate order the court has directed Plaintiff to amend, Plaintiff alleges that on November 29, 2010, Defendants Walter Gielow and Jefferson Davis, who knew of Plaintiff's past mental health issues, ignored his attempt to declare a psychological emergency. Instead, they left Plaintiff in his cell where he injured his left arm. Gielow, Davis and Travis Beaver, who is not named as a Defendant in this case, removed Plaintiff from his cell and took him to a sallyport to await the arrival of the nurse, rather than taking him

directly to medical.  Once in that area, Gielow ordered Beaver to turn off the camera.  At this point, Defendant Kyle Hall cut off all of Plaintiff's closing and replaced it with a "short, pink, very revealing skirt" (doc. 1 at 7).  While Plaintiff was handcuffed facing a wall and restrained by Defendant Davis, Defendant Hall punched Plaintiff in the back of the head.  Davis and Hall threw the handcuffed Plaintiff to the floor, punched him, choked him, and called him derogatory names for being a homosexual as Gielow watched.  After the beating ceased, Gielow ordered Officer Joshua Nowling to turn the camera back on, although Plaintiff was still wearing the pink skirt.  Plaintiff was escorted to medical where he received medical treatment and was placed on "self harm observation."  He states that since this date he was housed at the Reception Medical Center for other medical reasons, but he also was treated for lingering effects of this assault (i.e., headaches and loss of his sense of smell).  Despite his assertion that he was housed at the Medical Center, the complaint was mailed from Santa Rosa Correctional Institution.

Granting or denying a temporary restraining order or preliminary injunction rests in the discretion of the district court.  Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997) (citing United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983)); Johnson v. Radford, 449 F.2d 115 (5th Cir. 1971).  The district court must exercise its discretion in the light of whether:

1. There is a substantial likelihood that Plaintiff will prevail on the merits;

2. There exists a substantial threat that Plaintiff will suffer irreparable injury if the injunction is not granted;

3. The threatened injury to Plaintiff outweighs the threatened harm the injunction will do to the Defendant; and

4. The granting of the preliminary injunction will not disturb the public interest.

CBS Broadcasting, Inc. v. Echostar Communications Corp., 265 F.3d 1193, 1200 (11th Cir. 2001); Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Johnson v. United States Dep't of Agric., 734 F.2d 774 (11th Cir. 1984); Canal Auth. of State of Fla. v. Callaway, 489 F.2d 567 (5th Cir. 1974).  "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless

the movant clearly establishes the burden of persuasion as to the four requisites." All Care Nursing Serv. v. Bethesda Mem'l Hosp., 887 F.2d 1535, 1537 (11th Cir. 1989) (quotations omitted).

Further, the purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed. Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994); All Care Nursing Serv., 887 F.2d at 1537; United States v. State of Ala., 791 F.2d 1450, 1457 n.9 (11th Cir. 1986), *cert. denied*, 479 U.S. 1085, 107 S. Ct. 1287, 94 L. Ed. 2d 144 (1987). This necessitates that the relief sought in the motion be closely related to the conduct complained of in the actual complaint. Devose, 42 F.3d at 471; Penn v. San Juan Hosp., 528 F.2d 1181, 1185 (10th Cir. 1975). Also, the persons from whom the injunctive relief is sought must be parties to the underlying action. *See* In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Laboratories, 72 F.3d 842, 842–43 (11th Cir. 1995).

While Plaintiff's allegations of reprisal and harassment by co-workers of Defendants are disturbing, as noted above, the persons from whom the injunctive relief is sought must be parties to the underlying action. Thus, Plaintiff is not entitled to injunctive relief as to Defendants' co-workers. In re Infant Formula Antitrust Litig., 72 F.3d at 842–43. Moreover, the allegations in the motion are not "closely related to the conduct complained of in the actual complaint." Devose, 42 F.3d at 471. Thus, as to the named Defendants, Plaintiff is not entitled to the relief he seeks. If in fact separate constitutional or other violations have occurred, those might properly be the subject complaint, either in state or federal court.

Because Plaintiff has failed to meet his burden of persuasion with respect to his request to obtain an injunction, his request for extraordinary relief should be denied.

Accordingly, it is respectfully **RECOMMENDED** that Plaintiff's motion for injunctive relief (doc. 8) be **DENIED**.

At Pensacola, Florida, this 28th day of December 2011.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**